[Civil No. 616. Filed April 16, 1898.]

[52 Pac. 1126.]

M. H. SHERMAN, Plaintiff and Appellant, v. WESTERN INVESTMENT BANKING COMPANY, Defendant and Appellee.

1. APPEAL AND ERROR—HARMLESS ERROR—JUDGMENTS—ENTRY NUNC PRO TUNC.—The entry of a judgment *nunc pro tunc* is of no consequence, unless the appellant was harmed thereby, and that the record wholly fails to show.

2. SAME—RECORD—MUST SHOW ERROR—BILL OF EXCEPTIONS—PRESUMPTIONS.—The record must, to render the objection available, affirmatively show, by a bill of exceptions or otherwise, that after the first submission of the cause had been set aside the court without hearing evidence decided the cause without subsequent submission. If the record is silent, the presumption in favor of the regularity of the court's proceedings must be indulged in to aid and support the judgment.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, and Thomas D. Bennett, for Appellant.

J. B. Early, for Appellee.

SLOAN, J.—The appeal in this case is taken from a judgment of the district court of Maricopa County, rendered in the suit brought by appellant, M. H. Sherman, against appellee, the Western Investment Banking Company, under the provisions of the garnishment statutes. The action was begun

by appellant filing an affidavit alleging that he had on the sixth day of June, 1895, in said court, obtained judgment against the Phœnix Electric Light Company and one H. Ohnick, for the sum of $834.60, and that no part of this judgment had been paid; that the defendants, or either of them, had no property within the territory subject to execution sufficient to satisfy said judgment; that the affiant had reason to believe, and did believe, that the Western Investment Banking Company was indebted to the defendant H. Ohnick, and had in its possession effects belonging to said Ohnick. Upon this affidavit a writ of garnishment was duly issued and served upon the appellee, whereupon the latter made answer which in effect denied any indebtedness on its part to Ohnick or the possession of any property or effects belonging to Ohnick. This answer was controverted by appellant. The record fails to show whether or not under the provisions of paragraph 93 of the Revised Statutes a formal issue was formed under the direction of the court upon the coming in of the affidavit of appellant controverting the answer of appellee.

The appeal was taken under the provisions of the act approved March 18, 1897. No bill of exceptions or statement of facts appears in the record. The record filed consists of the original pleadings in the garnishment proceedings, the judgment, the motion for new trial, bond on appeal, the minute entries in the cause, and a transcript of the testimony in the case of M. H. Sherman against the Phœnix Electric Light Company and H. Ohnick, the latter being certified to by the clerk as a part of the record in the garnishment suit.

Upon the record thus presented we are asked by the appellant to reverse the judgment of the court below for irregularities in the proceedings that led up to the judgment and its rendition. These are charged to have been—1. That the court rendered judgment without any hearing and without a submission of the cause; and 2. That the judgment was rendered November 7, 1896, *nunc pro tunc,* as of June 30, 1896.

The latter objection is of no consequence, unless the appellant was harmed thereby, and that the record wholly fails to show. The first objection is fatal to the judgment, if true. There being no bill of exceptions or statement of facts in the record, we are left to the recitals in the judgment and to the minutes of the court to determine whether or not the court,

without the hearing of any testimony and without the submission of the cause, arbitrarily rendered judgment against appellant. The recital in the judgment is: "Now, on this, the 12th day of May, A. D. 1896, came on to be heard the above cause for trial, the plaintiff appearing by C. F. Ainsworth, attorney, and defendant by J. B. Early, attorney, and the cause, being heard, was submitted to the court; and on the 30th day of June, A. D. 1896, the court, after hearing the evidence and being fully advised as to the law, declared the law to be that defendant," etc. This judgment was filed with the clerk on the seventh day of November, 1896. The following facts were shown by the minutes: On May 12, 1896, the cause was first set down for hearing, and on that day was ordered submitted upon the testimony in the case of Sherman against Ohnick and others. On July 7, 1896, upon motion of appellant, the submission of the cause was set aside for further testimony. On November 6, 1896, the case was set down for hearing for November 7, 1896. On November 7, 1896, the following minute entry was made: "It is ordered by the court that judgment be entered for the garnishee as of June 30, 1896." Thus, the minutes show that the cause was set down to be tried November 7, 1896, and that on said day judgment was ordered. The filing upon the judgment is of the same day. The order of the court that judgment be entered as of June 30, 1896, and the filing of the judgment on November 7, 1896, evidences the fact that the judgment was actually rendered upon the latter date, and explains the recital in the judgment that the cause was decided upon the former date. No other facts pertaining to the proceedings in the case are in the record. Can we say from these facts that the court did not proceed regularly in the matter of the trial and disposition of the cause? Where the record does not affirmatively speak the presumptions in favor of the regularity of the court's proceedings must be indulged in to aid and support the judgment. The representation of appellant in his brief that after the first submission of the cause had been set aside the court, without hearing evidence, decided the cause without a subsequent submission is not affirmatively shown to be true by the record. We must therefore presume that the trial court proceeded regularly in the matter. If the fact be otherwise, it should have been shown by a bill of exceptions.

or otherwise affirmatively exhibited in the record. The judgment is affirmed.

Street, C. J., Davis, J., and Doan, J., concur.